UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

A.G. EDWARDS & SONS, INC.,
a Delaware Corporation,

    Plaintiff,

vs.       CASE NO. 5:07cv269/RS/MD

FRANK MARTIN, HEATHER McCURLEY-NOYES,
JOHN PELT, and TODD THOMPSON, individuals,

    Defendants.
_____/

## ORDER

The court held an evidentiary hearing on November 19, 2007, on Plaintiff's Motion for Preliminary Injunction and Motion for an Order Permitting Expedited Discovery (Doc. 3) and Defendants' Response (Doc. 10).

### I. BACKGROUND

The Defendants, four investment brokers, were former employees of the Plaintiff who recently resigned to work for Raymond James & Associates. Plaintiff argues the Defendants breached their contractual obligation to Plaintiff and have converted trade secrets. Defendant argues that the Defendants acted within their rights under the Broker Protocol. The Broker Protocol is a policy adopted by some investment firms including the Plaintiff and Raymond James & Associates.

Dockets.Justia.com

The Broker Protocol states:

> The principal goal of the following protocol is to further the clients' interests of privacy and freedom of choice in connection with the movement of their Registered Representatives ("RRs") between firms. If departing RRs and their new firm follow this protocol, neither the departing RR nor the firm that he or she joins would have any monetary or other liability to the firm that the RR left by reason of the RR taking the information identified below or the solicitation of the clients serviced by the RR at his or her prior firm.

The Broker Protocol further states:

> When RRs move from one firm to another and both firms are signatories to this protocol, they may take only the following account information: client name, address, phone number, email address, and account title of the clients that they serviced while at the firm ("the Client Information") and are prohibited from taking any other documents or information.

The Defendants took records not permitted under the Broker Protocol in addition to the Client Information but have since returned all prohibited records.

## II.  PRELIMINARY INJUNCTION STANDARD

Granting or denying a preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether: (1) there is a substantial likelihood that plaintiff will

prevail on the merits, (2) there exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) the threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant, and (4) the granting of the preliminary injunction will not disturb the public interest. *CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001).

### III. ANALYSIS

The Plaintiff must show there is a substantial likelihood that the plaintiff will prevail on the merits. *Id.* Here, the Defendants moved from one firm to another, both of which are signatories to the Broker Protocol. Thus, the Broker Protocol governs and Defendants are allowed to take certain account information. The Defendants admit to inadvertently taking documents that contain additional information, but have returned all documents containing the additional information. The Plaintiff has not shown that the Defendants still have in their possession any additional information. The Defendants have substantially complied with the Broker Protocol. Thus, the Plaintiff has not shown that there is a substantial likelihood that the plaintiff will prevail on the merits.

### IV. CONCLUSION

Plaintiff's Motion for Preliminary Injunction and Plaintiff's Motion for an Order Permitting Expedited Discovery (Doc. 3) is **denied.**

**ORDERED** on November 21, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**